HENRY J. DUNSHEE *vs.* JAMES GRUNDY & others.

A sublessee who, upon the assignment by his lessor of his lease, has requested the assignee to permit him to continue in possession of the premises, and, on receiving such permission, has continued to hold the premises and paid rent, is estopped afterwards to deny the assignee's title.

ACTION OF CONTRACT for the use and occupation of premises in Boston.　At the trial in the superior court of Suffolk at September term 1858, before *Morton*, J., there was evidence of these facts:

George H. Bundy held a lease of the premises and underlet them orally to the defendants, who for several quarters paid him rent.　About the 1st of September 1856, Bundy transferred and assigned his lease and his interest in the premises to the plaintiff, and gave notice to the defendants of the assignment, and they desired him to request the plaintiff to let them occupy as before; Bundy did so and the plaintiff consented, and the defendants paid the plaintiff one or two quarters' rent.

The defendants then offered to show that the assignment from Bundy to the plaintiff was fictitious, without consideration and void; that Bundy was really the owner of the lease, and was really their landlord, and that the plaintiff had so stated.　But the court ruled that any evidence tending to show that the defendants were not the tenants of the plaintiff, that they did not occupy under him, or that they had not recognized him as their landlord, was competent and admissible; but that the defendants, if shown to have occupied under the plaintiff, could not show that he held under an invalid title, or in any way im-

peach or controvert his title; and refused to admit the evidence offered.

The defendants asked the court to instruct the jury that " to constitute an attornment of a tenant to a new landlord, there must be an acknowledgment, positive, known and well understood, on the part of the tenant, of the claims of the landlord as such." But the court refused; and instructed the jury, " that a technical attornment by the tenant was not necessary; that the assignment by Bundy to the plaintiff, accompanied by notice of it to the defendants, created the relation of landlord and tenant between the plaintiff and the defendants; and, if that relation was shown to exist, the defendants could not impeach or controvert the plaintiff's title."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*M. G. Cobb*, for the defendants.

*E. Merwin*, for the plaintiff.

SHAW, C. J. The instructions, we think, were right, and adapted to the case in proof. There was an assignment of the lease *de facto* to the plaintiff by Bundy; whether on a good and valuable consideration or not was immaterial to the liability of the defendants. When that assignment was made known to the defendants, who had been holding as sublessees of Bundy, the defendants, through Bundy, requested the plaintiff to permit them to hold of him, which he did; they held accordingly, and paid one or two quarters' rent to the plaintiff. No other attornment was necessary to establish the relation of landlord and tenant between these parties. *Burden* v. *Thayer*, 3 Met. 76. The defendants were estopped to deny the plaintiff's title. No ruling of the court prevented the defendants from proving that no assignment of the lease in fact had been made to the plaintiff. The offer was of proof that, though an assignment was in fact made, the parties did not intend that it should operate as an assignment, which was inadmissible.

*Exceptions overruled.*