WALTER W. HACKNEY, APPELLEE, v. MITCHEL S. McININCH ET AL., APPELLANTS.*

FILED MAY 24, 1907. No. 14,801.

1. **Injunction: REPEATED TRESPASS.** Equity will afford relief by the process of injunction against repeated acts of trespass, especially where committed under a claim which indicates a continuance and constant repetition of it.

2. **Landlord and Tenant: ESTOPPEL.** Estoppel of the tenant to deny the title of his landlord extends to every one in privity with him, and it inures to the benefit of any person to whom the landlord's title may pass, and continues until possession is actually surrendered. Gear, Landlord and Tenant, sec. 165.

APPEAL from the district court for Nemaha county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*M. S. McIninch* and *H. A. Lambert,* for appellants.

*Stull & Hawxby, contra.*

DUFFIE, C.

Previous to November 10, 1903, one Theodore Bedford claimed title to the west half of the west half of the southeast quarter of section 25, township 5, range 15, in Nemaha county, Nebraska. Mrs. Gilbert had rented the land from Bedford for a series of years, and sublet the premises to the defendant David Jones, who had been in possession as her tenant for two or three years previous to the commencement of this action. Her lease expired March 1, 1904. In the fall previous to the expiration of her lease she assigned the unexpired term to the defendant McIninch. November 10, 1903, Hackney, the

* Rehearing denied. See opinion, 80 Neb. 49.

plaintiff and appellee, acquired the title of Theodore Bedford's heirs, he having deceased previous to that date. After securing his deed from the Bedford heirs, Hackney notified Jones that he was the owner of the premises, and that rent should thereafter be paid to him. Jones continued in possession during the year 1904, but delivered the rental share of the crop to McIninch in the fall of that year. In March, 1905, Hackney rented the land to one Charles Andrews, and early in March of that year took Andrews to the place and put him in possession. Jones occupied an adjoining tract of land belonging to Hackney, and, after putting Andrews in possession of this particular forty, Hackney and Andrews visited Jones on the adjoining tract, where he was living, and at that time appellee told Jones whose cattle were feeding on the stalks on the land in controversy, that he had put Andrews in possession, and that he would have to get Andrews' consent to his cattle feeding on the stalks. Jones at that time did not object to Andrews taking possession of the land, and replied that he and Andrews would have no trouble over the stalks. Andrews did some work upon the land, cutting the stalks and listing it, and also cut and removed some wood from the premises, but he and his son were on several occasions thereafter driven off from the land by McIninch and Jones, McIninch claiming that Hackney had no title, and Jones asserting that he had rented the land from McIninch for the year 1905. Not being able to remain in peaceable possession of the land through his tenant Andrews, Hackney brought this action in the district court, asking that the defendants be restrained and enjoined from going upon the premises, or in any manner interfering with appellee and his said tenant in the peaceable possession and occupancy thereof. A temporary injunction was issued, and a motion to dissolve the same overruled by the court. By agreement of counsel the case was submitted on final hearing upon the evidence taken on the motion to dis-

12

solve the temporary injunction, and on such hearing the court entered a decree making the injunction perpetual, from which decree defendants have appealed.

It is insisted by appellants that the petition does not state a cause of action for equitable relief. The petition alleges ownership of the land in Hackney; that Jones was in possession as subtenant of the former owner at the time plaintiff acquired title; that he remained in possession during the year 1904 under an implied agreement to pay rent therefor; that he fraudulently attorned to his codefendant McIninch; that thereafter, and in March, 1905, plaintiff rented the premises to Andrews and put him in possession; that the defendants were repeatedly trespassing upon the premises and threatening to assault the plaintiff and his tenant; that they on several occasions drove the tenant and his son from the premises under threats of bodily injury. In our opinion the allegations of the petition are amply sufficient to warrant the court in granting a temporary injunction. Not only did it charge a continuing trespass of which equity will take jurisdiction (*Shaffer v. Stull*, 32 Neb. 94), but it clearly appears from the petition and the proof offered in support thereof that Jones fraudulently attorned to his codefendant McIninch. In the fall of 1903 Hackney obtained title to the land from the landlord of Mrs. Gilbert and her subtenant, Jones. The law is well settled that the tenant's estoppel to deny his landlord's title inures to the benefit of any person to whom the landlord's title may pass. *Jackson v. Collins*, 3 Cow. (N. Y.) 89; *Dunshee v. Grundy*, 81 Mass. 314; *Tilghman & West v. Little*, 13 Ill. 239; *Brenner v. Bigelow*, 8 Kan. 496; Gear, Landlord and Tenant, sec. 165. Jones, being in possession as subtenant of Bedford, was estopped to deny the title of Hackney, who had acquired title from the Bedford heirs. It results, then, that Hackney was in possession through his tenant Jones, and the proof satisfies us that, while no direct or express contract of lease was made from Hackney to Jones for the year 1904, it

was well understood between them that Jones remained in possession as Hackney's tenant. Without disclaiming such implied lease or notifying the plaintiff of any agreement or understanding which he had with McIninch, Jones paid the rent to the latter and thus perpetrated a wrong upon his landlord. In the spring of 1905, when Hackney put Andrews in possession as his tenant, Jones acquiesced therein. From that time forward he had no right of possession and his entry upon the land was trespass. The continued trespass of Jones and McIninch, their driving Andrews from possession by threats of violence, the apparent combination between them by which rent was to be paid to McIninch, instead of to Hackney, the landlord, were all circumstances calling for the interposition of the equitable arm of the court to preserve the plaintiff and his tenant in peaceable possession of the property, and to end the wrongful conduct of the parties in the disposition of the rent to which the plaintiff was entitled. It is now well setled that injunction is a proper remedy, particularly when, as in this case, the injury is of a continuous nature and committed under a claim which indicates a continuance or frequent and constant repetition of it. Courts of equity take cognizance of these cases to prevent the vexation and harassment of continued disturbances, prevent a multiplicity of suits, and to preserve the right by restraining the commission and repetition of threatened injury. *Pohlman v. Trinity Church,* 60 Neb. 364; *Carroll v. Campbell,* 108 Mo. 550. A claim is made that Hackney got no title by his deed from the Bedford heirs; that the real title rests in the heirs of one Whitney. The question of the legal title to the premises is wholly immaterial, and is not to be considered in determining the rights of the parties. Not only was Jones a subtenant of the party from whom Hackney acquired title, but McIninch himself became a tenant by taking over the unexpired term of Mrs. Gilbert. Both of these parties by well-established rules of law are estopped from questioning Hackney's title. They are tenants on

this land, their rights as such being derived from Hackney's grantors. Until they have surrendered their possession, they stand in no attitude to question the title under which they entered.

In our opinion the decree of the district court is clearly right and should be affirmed. We so recommend.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.