WALTER W. HACKNEY, APPELLEE, v. MITCHELL S. MC-ININCH ET AL., APPELLANTS.

FILED NOVEMBER 9, 1907.  No. 14,801.

APPEAL from the district court for Nemaha county: WILLIAM H. KELLIGAR, JUDGE. *Rehearing denied.*

*M. S. McIninch* and *H. A. Lambert,* for appellants.

*Stull & Hawxby, contra.*

GOOD, C.

In his motion for a rehearing herein, appellant alleges that our opinion in this case (79 Neb. 128) is based on the erroneous assumption that Jones acquiesced in Hackney's taking possession of the land in question on March 8, 1905; and insists that as Jones was still in possession of the premises, as the tenant of McIninch, injunction would not lie to dispossess him. We are now inclined to the view that the opinion assumes a state of facts slightly different from that shown by the record. It would seem that Jones did not, at least openly, acquiesce in Hackney's putting Andrews in possession of the premises, but this, in our view of the case, is wholly immaterial. It appears that in 1903 the Bedford heirs were the owners of the land which was then leased to Mrs. Gilbert, who sublet it to Jones. Some time in November, 1903, McIninch took

7

an assignment from Mrs. Gilbert of her interest under the lease. He therefore became the tenant of the Bedford heirs. Mrs. Gilbert's lease expired on the first day of March, 1904, and thereafter neither McIninch nor Jones had any shadow of right to the possession of the premises. Hackney in the meantime had become the owner by purchase from the Bedford heirs, and McIninch, without having surrendered possession to him, assumed to assert some superior right thereto. But there is no evidence in the record to justify any conclusion, or even a suspicion, that he ever had a shadow of right to the land. He and Jones no longer claimed as tenants of Hackney, or as tenants of Hackney's grantors. They therefore became either tenants at sufferance or mere trespassers. Neither Jones nor McIninch recognized Hackney as the landlord. In this view of the case, we are of opinion that it mattered not whether Jones acquiesced or consented to Hackney's taking possession, and the only remaining question is: Did Hackney obtain possession in March, 1905?

From an examination of the record, we are of the opinion that Hackney and his tenant, Andrews, obtained possession of the land at that time. If this be true, Jones and McIninch were mere trespassers, and their repeated trespasses, assaults and threats against Hackney and his tenant were sufficient to justify the issuance of an injunction. Had McIninch or Jones claimed to be the tenant of Hackney, then Hackney might not have been entitled to that remedy. It seems clear, however, that neither McIninch nor Jones, until they had surrendered possession to Hackney, was in position to assert any title adverse to that claimed by him. They do not assert or claim any rights as tenants of Hackney, and they are in no position to assert any rights adversely to him. In fact, they had none to assert, except the rights of trespassers, and, when the rightful owner has obtained possession of land as against trespassers who repeatedly interfere with his peaceable enjoyment thereof, he is entitled to have his possession protected by an injunction. Such appears to

be the situation in this case, and we recommend that a rehearing be denied.

DUFFIE and EPPERSON, CC., concur.

By the Court:

REHEARING DENIED.