GEORGE E. COX, APPELLANT, V. JOHN SHEEN, APPELLEE.

FILED OCTOBER 22, 1908. No. 15,328.

1. **Injunction:** TRESPASS. A single trespass upon real estate, in the absence of a showing that the trespass will be repeated, will not warrant the issuance of an injunction.

2. ———: PLEADING. An allegation in an answer in an action to enjoin trespass upon real estate, whereby the defendant seeks to justify a single act of trespass, is not sufficient to show an attempt or purpose to repeat the trespass.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. *Affirmed.*

*W. H. Thompson,* for appellant.

*Charles G. Ryan, contra.*

GOOD, C.

On August 29, 1906, George E. Cox brought this action to enjoin John Sheen from trespassing upon a certain

described tract of farm land in Hall county. Upon the trial the defendant had judgment, and plaintiff has appealed.

The record discloses that the plaintiff was in possession of the land as tenant under a lease from year to year, and that his tenancy did not expire until March 1, 1907. The defendant purchased the land from plaintiff's landlord, subject to "the rights of the tenant under his lease for the year 1906." Early in the spring of 1906 the defendant made an unsuccessful attempt to arrange with the plaintiff for the immediate possession of the land. By agreement he was permitted to have the use of three acres on which to erect buildings, and plaintiff raised a crop of wheat and oats on the remainder of the land. The defendant claims that, when he was awarded the use of the three acres, it was further agreed that he should be permitted to enter and plow the remainder of the land after the crops were harvested. This is denied by the plaintiff. Whether such an agreement was made is immaterial. No consideration existed therefor, if it was made, and it amounted to nothing more than a license, which the plaintiff had the right to revoke at any time. It appears that in the summer of 1906 there were further negotiations between the parties looking to defendant acquiring a right to enter and plow the land after the harvest. But no agreement was perfected. We think this clearly discloses that, if any agreement was made in the spring, it must have been revoked later, for the defendant would have scarcely been negotiating to purchase the right to enter upon the land if it had already been given him. On the 26th of August, 1906, the defendant, without right, entered upon and began plowing up the stubble. Thereupon a controversy arose between the son of the plaintiff and the defendant regarding the latter's right to plow the land. After some wrangling, the defendant left the land and never reentered. Three days later this action was brought.

It appears that a volunteer crop of wheat and oats grew

up in the stubble, which had some value for pasturage purposes and of which the plaintiff would be deprived if defendant were permitted to plow up the land. Sufficient was alleged in the petition to entitle the plaintiff to an injunction, provided the allegations thereof had been sustained by the evidence. The record, however, discloses but a single trespass, nor does it show that there were any attempts or threats to repeat the trespass. This court has held that "an injunction will be granted to restrain a threatened trespass upon real estate, where such act would result in the destruction of the premises, in the character of their use and enjoyment, or a deprivation thereof." *Peterson v. Hopewell,* 55 Neb. 670. It has also held that simple acts of trespass are in most cases insufficient to warrant the issuance of an injunction; but, if the nature and frequency of the trespasses are such as to prevent or threaten the substantial enjoyment of the right to the possession of the property, then an injunction will be granted. *Sillasen v. Winterer,* 76 Neb. 52. It was also held in *Hackney v. McIninch,* 79 Neb. 128, that "equity will afford relief by the process of injunction against repeated acts of trespass, especially where committed under a claim of right which indicates a continuous and constant repetition of it." We think that, in order to entitle one to an injunction to prevent trespass upon real estate, it must appear that the acts of trespass will be repeated, and that they would result in irreparable injury to the plaintiff. In this case the evidence goes no further than to show a single act of trespass. The evidence disclosed that the defendant was solvent, and that ample means of redress by an action at law was open to the plaintiff.

There is another phase of the case, however, that merits attention. The defendant pleaded in his answer that he was in possession of the land in controversy and that plaintiff's lease had expired. He admitted the plowing of the land, and apparently sought to justify his act upon the theory that he was the owner and entitled to the pos-

session of the land, but nowhere in his answer does he plead any intention or purpose to renew the trespass or to attempt to further plow the land. We think the allegations of the answer go no further than an attempt to justify the first and only trespass. It does not show any intent or purpose upon the part of the defendant to renew the controversy or to attempt to further molest the plaintiff in the occupancy of the premises. The allegations of the answer are, in our opinion, insufficient to supply the want of proof of an intent or purpose upon the part of the plaintiff to further trespass upon the real estate or interfere with his enjoyment of the premises.

It appears to us that the judgment of the district court is right, and we recommend that it be affirmed.

· DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, we recommend that the judgment of the district court be

AFFIRMED.