Dryden v. Peru Bottom Drainage District.

————

CHARLES F. DRYDEN, APPELLEE, v. PERU BOTTOM DRAINAGE DISTRICT, APPELLANT.

FILED MAY 13, 1916. No. 18657.

1. **Trespass:** RIGHT OF ACTION. One in possession of real estate may maintain an action for trespass thereon. Casting water upon the lands of another is a trespass upon real estate.

2. **Venue:** ACTION FOR TRESPASS ON REALTY. Actions for damage for trespass upon real estate must be brought "in the county where such real estate or some part thereof is situated." Rev. St. 1913, sec. 7612.

3. **Waters:** SURFACE WATERS: DIVERSION: LIABILITY. A drainage district that is guilty of negligence in the construction of its ditch, and by reason of such negligence casts the surface water which it has collected upon the lands of another, is liable for damage which is caused by such negligence.

4. ————: ————: ————: ————. It is the duty of a drainage district to so construct its ditch that it will carry off the ordinary

surface water which is collected in such ditch, and if it negligently fails to do so, and allows the water so collected by it to be cast upon the lands of another, it will be liable for damages caused by such negligence.

5. ———: ———: ———: ———. In such case the fact that the drainage district employed a competent engineer, and constructed its ditch in accordance with the plans of such engineer, will not constitute a defense in an action for damages caused by the improper construction of the ditch.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Paul Jessen, Kelligar & Ferneau* and *R. F. Neal,* for appellant.

*Livingston & Heinke, contra.*

SEDGWICK, J.

The plaintiff leased a farm in Otoe county from one Mulhall for the year 1912, and took possession and farmed the land for that season. He brought this action in the district court for Otoe county against the defendant drainage district to recover damages caused by the defendant's negligence, as he alleged, in the construction of their drainage ditch, whereby the water was negligently allowed to overflow the land and damage the plaintiff's corn and his interest in the land for that season under the lease. He recovered a judgment, and the defendant has appealed.

The defendant insists that the district court for Otoe county had no jurisdiction of the action because the defendant corporation was situated in Nemaha county with its office and principal place of business in Nemaha county, and no service was had upon the defendant, or could be had, in Otoe county, where the action was brought. Section 7612, Rev. St. 1913, provides: "All actions to recover damages for any trespass upon or any injury to real estate shall be brought only in the county where such real estate or some part thereof is situated." Casting water upon the lands of another is trespass. 1 R. C. L. p. 374, sec. 7. The gist of an action for trespass to real property is injury to

plaintiff's possession. One in possession of real estate may maintain an action for trespass thereon. 4 Sutherland, Damages (3d ed.) sec. 1009. This, then, was an action to recover damages for trespass upon real estate, and could only be brought in the county where the land is situated.

Upon the second proposition the defendant urges two reasons for reversal. It is first contended that the plaintiff failed to establish a case because he did not allege and prove "that there was still unexpended benefits out of which the alleged damage of the plaintiff could be paid." A drainage district under this statute is organized by and for the benefit of the parties owning the lands to be drained. It is presumed to benefit their lands sufficiently to pay for all investments necessary, including all expenses and liabilities. If it fails to do so and proves to be a losing undertaking, the loss falls upon the owners of the lands supposed to be benefited thereby. But this consideration will not justify them in negligently injuring their neighbors and others in the construction of their ditches. If they are not benefited to the full amount of their investment, and their own negligence causes damage, there seems to be no reason for requiring those who were damaged to suffer the loss, rather than all of those who are responsible for the negligence which caused the loss.

The second reason urged is that the court instructed the jury that it was the duty of the defendant drainage district "to employ a competent and skilled engineer to lay out and plan its system of drainage and reclamation, and to see that such engineer's skilled knowledge was used in the construction of the new channel for the waters of Camp creek, and to construct such channel or ditch of sufficient size and capacity to carry and accommodate the ordinary flood waters of Camp creek and its tributaries. And if you find from a preponderance of all of the evidence that the ditch so constructed was insufficient to accommodate the ordinary flood waters of Camp creek, then the failure of the defendant to construct said ditch of sufficient size for that purpose would constitute negligence." The court refused

the request of the defendant to instruct the jury that, "if you find from the evidence in this case that the defendant employed competent and skilled civil engineers to design and plan the channel to carry the waters of Camp creek, and that same was constructed according to such plans, then the defendant is not guilty of negligence in the construction of such new channel, and would not be liable in this action for negligent construction." It is said: "An engineer who exercises the care, skill, and ability usually exercised by the members of his profession is not liable in damages for an honest error in judgment." *County of Mille Lacs v. Kennedy*, 129 Minn. 210. That case seems to be relied upon by defendant, but it is not in point. The defendant constructed this ditch for the benefit of its incorporators and stockholders, and, in constructing it, it is bound to use reasonable and ordinary care to avoid injuring the property of others. According to the allegations of the petition it conducted the ordinary surface water into the vicinity of the defendant's land, and negligently failed to provide a sufficient ditch and embankments to carry away the waters so conducted, but allowed them to escape upon the plaintiff's land to his damage. By this means it collected the surface waters and cast them upon the lands of the plaintiff. No individual or corporation, public or private, could be guilty of such negligence without liability for the damage occasioned thereby.

The judgment of the district court is

AFFIRMED.