CHARLES T. MEYERS, APPELLEE, v. FRED SCHMIDT, APPELLANT.

FILED MAY 3, 1919.   No. 20409.

Injunction: REPEATED TRESPASSES. "Concerning simple acts of trespass equity has, in most cases, no jurisdiction, but, if the nature and frequency of trespasses are such as to prevent or threaten the substantial enjoyment of the rights of possession and property in land, an injunction will be granted." *Sillasen v. Winterer*, 76 Neb. 52.

APPEAL from the district court for Red Willow county: ERNEST B. PERRY, JUDGE. *Affirmed*.

*W. R. Starr,* for appellant.

*J. L. Rice, contra.*

Morrissey, C. J.

Plaintiff procured an injunction restraining defendant from trespassing on a tract of farm land to which plaintiff held a lease from the lawful owner. Defendant appears to have claimed the right to enter upon and farm the land under permission given by a former lessee. The evidence conclusively shows that he had no lease to the farm or lawful claim to enter thereon. Defendant seems to claim by his appeal that injunction is not the proper remedy, but that plaintiff must have recourse to an action at law. The rule seems to be that, where the nature and frequency of the trespasses are such as to prevent or threaten the substantial enjoyment of the rights of possession and property in land, an injunction will be granted. *Sillasen v. Winterer,* 76 Neb. 52; *Hackney v. McIninch,* 79 Neb. 128. This rule is applicable to the instant case and the judgment is

AFFIRMED.

LETTON, SEDGWICK and CORNISH, JJ., not sitting.