JOHN WARLIER V. CHARLES WILLIAMS ET AL.

FILED DECEMBER 21, 1897.    No. 9120.

53  143
53  146
53  143
57  517

1. **Injunction**: REMEDY AT LAW.  A litigant cannot successfully invoke the extraordinary remedy of injunction to enforce a legal right unless the facts and circumstances in the case are such that his ordinary legal remedies are inadequate,—*i. e.* that the pursuit of those remedies, or some of them, will not afford him as prompt and efficacious redress as the remedy by injunction.

2. ——: TRESPASS: EJECTMENT.  A plaintiff is not entitled to a mandatory injunction to remove from his real estate one who has without color of title unlawfully and forcibly entered and wrongfully remains thereon, though such trespasser be insolvent.

ERROR from the district court of Burt county.  Tried below before FAWCETT, J.  *Affirmed.*

*McCoy & Olmsted,* for plaintiff in error.

*H. E. Carter, contra.*

RAGAN, C.

In the district court of Burt county John Warlier brought this suit in equity against Charles Williams and others, alleging, in substance, in his petition that he was the owner, and in the actual possession, of a certain tract of land described in said petition; that, at the time of the conveyance of said land by the government of the United States to his grantor, the Missouri river constituted one of its boundaries; that the tract conveyed by the United States government since that time had been enlarged by accretions from said river; that the parties made defendants, against his protest and without any right or color of title or authority, had forcibly entered into possession of the lands formed by said accretion; had "squatted" thereon; and, at the bringing of the suit, were using and cultivating said lands and appropriating to themselves the crops grown thereon; that said defendants and each of them were wholly insolvent; that if they were permitted to remain in possession of said

land for ten years they would acquire title thereto by adverse possession. The prayer was that the defendants might be enjoined from continuing in possession of said lands. To this petition the district court sustained a general demurrer and dismissed Warlier's action, and he brings this judgment here for review on error.

This proceeding is, in effect, an application to a court of equity for a mandatory injunction to remove the defendants in error from the real estate of the plaintiffs in error upon which they have forcibly and wrongfully entered and are wrongfully occupying. Counsel for the plaintiff in error has cited us to numerous cases which he claims sustain his right to this extraordinary remedy; but an examination of all these cases discloses that not one of them is in point. A litigant cannot successfully invoke the extraordinary remedy of injunction to enforce a legal right unless the facts and circumstances in the case are such that his ordinary legal remedies are inadequate,—that is, that the pursuit of those remedies, or some of them, will not afford him as prompt and efficacious redress as the remedy by injunction. This we understand to be elementary law. (*Richmond v. Dubuque & S. C. R. Co.*, 33 Ia. 422; *Jerome v. Ross*, 7 Johns. Ch. [N. Y.] 315; Pomeroy, Equity Jurisprudence secs, 221, 275, 1346, 1347, 1357.) Now the facts stated in the petition of the plaintiff in error show simply this: That the defendants in error have forcibly entered upon and are occupying his real estate. The plaintiff in error has the legal title and is in possession of this real estate. He might then institute against these defendants in error an action of forcible entry and detainer under chapter 10 of the Code of Civil Procedure, section 1020 of which expressly provides that such an action may be brought against a defendant who is a settler or occupier of lands without color of title and to which the complainant in the forcible detainer suit has the right of possession. Here, then, is a plain statutory remedy for the

wrong of which the plaintiff in error complains in this action. Is this remedy an adequate one? The statute provides that this action of forcible entry and detainer may be brought before a justice of the peace after giving the parties in possession of the lands three days' notice to quit; that no continuance for more than eight days shall be granted in the case unless the party made defendant shall give bond for the payment of rent, and if the judgment shall be entered in favor of the plaintiff, a writ of restitution shall be awarded in his favor, unless appellate proceedings are taken by defendants, in which case they shall give a bond to pay a reasonable rent for the premises while they wrongfully detain the same. This remedy is not only an adequate one but it is a summary and a speedy one. The relief demanded by the plaintiff in error in this injunction proceeding is the ousting of the plaintiff in error from his real estate so that he may have the exclusive possession of it. A judgment and a writ of restitution in a forcible entry and detainer suit would afford him the same and a more speedy redress than a proceeding by injunction. But it is said by the plaintiff in error that he is entitled to pursue the injunction remedy because of the insolvency of the defendants in error. This argument, as applied to this case, is untenable. If the defendants in error are insolvent, then the plaintiff in error has no redress for the costs and expenses that he may incur in prosecuting either an injunction suit or a forcible entry and detainer suit. Another argument is that the proceeding by injunction will avoid a multiplicity of suits. This argument we also think untenable. We do not understand the mere fact that there exist divers causes of action which may be the foundation of as many different suits between the parties thereto is a ground upon which equity may be called upon to assume jurisdiction and settle all such matters in one suit. (Chief Justice Beck in *Richmond v. Dubuque & Sioux City R. Co., supra.*) The district court was right and its decree is

AFFIRMED.