FRANCIS X. MOHAT, APPELLEE, V. JOHN HUTT, APPELLANT.

FILED FEBRUARY 8, 1906. No. 14,086.

The remedy by injunction is not available to enforce a bare legal right, when there is a plain and adequate remedy at law.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed with directions.*

*Kirkpatrick & Hager, A. P. Johnson* and *Milton Schwind,* for appellant.

*H. M. Sullivan, contra.*

ALBERT, C.

On the 15th day of March, 1904, the plaintiff filed his petition in the district court, praying for an injunction restraining the defendant from driving plaintiff's cattle from a certain tract of land, and from interfering with plaintiff's possession of such land. A temporary restraining order issued the same day, and on the final hearing a perpetual injunction was granted as prayed. The defendant appeals.

It sufficiently appears from the pleadings and the evidence that at the commencement of the suit both parties claimed the right to possession of the land mentioned in the decree under leases made to them, respectively, by the owners. Both leases were oral. The defendant's lease was made about April 20, 1903, and, according to his testimony, was for one year from the 1st day of May of that year; according to the evidence adduced by the plaintiff on that point, the length of the term was not fixed. The plaintiff's lease was made February 25, 1904, and was for one year from the 1st of March, following. There was no dwelling house on the land, but the defendant was in possession on the 1st day of March, 1904, and the right of possession was of some substantial value because of the natural pasturage and corn stalks on the land. At that date a dispute arose between the parties to the suit as to the right of possession; the plaintiff claiming such right by reason of his lease for the ensuing year, and the defendant under his lease made the previous year. The plaintiff undertook to turn his stock upon the land, but was prevented by the defendant. About the 5th of the month, and during a temporary absence of the defendant, the plaintiff turned his stock upon the land and began to

cultivate a portion of it. On the defendant's return he drove the plaintiff's stock from the land, and held possession until the temporary order was issued.

It is clear to us that this suit is simply an attempt to employ the extraordinary writ of injunction to enforce what, at most, is a mere legal right, and one which the ordinary remedies at law are amply adequate to protect. In other words, it is an attempt to substitute the remedy by injunction for ejectment, and forcible entry and detainer, and the prayer for an injunction for that purpose should have been denied. *Warlier v. Williams,* 53 Neb. 143; *Wehmer v. Fokenga,* 57 Neb. 510. See also *State v. Graves,* 66 Neb. 17.

It is recommended that the decree of the district court be reversed, with directions to enter a decree in favor of the defendant.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed, with directions to enter a decree in favor of the defendant.

REVERSED.