CALIFORNIAN CANNERIES CO., Limited, v. PACIFIC SHEET METAL WORKS.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1908.)

No. 1,452.

SET-OFF AND COUNTERCLAIM (§ 36*)—SUBJECT-MATTER OF COUNTERCLAIM— CLAIM ARISING OUT OF SAME TRANSACTION.

Under Code Civ. Proc. Cal. § 438, which authorizes a defendant to plead as a counterclaim "a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action" or in an action arising upon contract, any other cause of action arising also upon contract "and existing at the commencement of the action," a promissory note arising out of the same transaction set forth in the complaint may be pleaded as a counterclaim, although not due when the action was commenced, if due when pleaded.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 36.*]

In Error to the Circuit Court of the United States for the Northern District of California.

For opinion below, see 144 Fed. 886.

Joseph C. Meyerstein, Jellett & Meyerstein, and Platt & Bayne, for plaintiff in error.

Warren Olney and Olney & Mann, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This is an action to recover damages for an alleged breach of contract for the sale and delivery of cans for the use of plaintiff in its cannery. The answer denies the alleged breach of contract, and in addition thereto sets up a counterclaim in the sum of $3,064.15, alleged to be due defendant upon a promissory note, given by the plaintiff to the defendant, on account of cans delivered by the defendant under the contract set out in the complaint. This note was not due when the action was commenced, but was due at the time the answer was filed. The action was tried by the court without a jury. The court found that defendant had not complied with the contract, set out in the complaint, and that plaintiff had sustained damages thereby; and also found:

"That plaintiff executed to defendant the note, set out in the counterclaim, in the sum of $3,034.16, payable one year after date, and that, of the amount of this note, $1,640.72 was on account of an indebtedness, in behalf of the defendant and against the plaintiff, arising out of the transaction set forth in the complaint of plaintiff as the foundation of plaintiff's claim, and connected with the subject of this action."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judgment was thereupon entered in favor of the plaintiff for the damages sustained by it, less the sum of $1,670.72, allowed the defendant as a set-off. The case is brought here by the plaintiff on writ of error. The action of the court in allowing the defendant's set-off—in the sum stated—is the only error assigned.

1. It is argued in support of this assignment of error that no part of the amount due upon the promissory note, set out in defendant's answer, is a proper subject of counterclaim, because the note was not due at the time of the commencement of this action.

This being an action at law, the question of defendant's right to assert the counterclaim, allowed by the Circuit Court, is governed by the law of California relating to the subject of counterclaims. Partridge v. Insurance Company, 15 Wall. 573, 21 L. Ed. 229; Charnley v. Sibley, 73 Fed. 981, 20 C. C. A. 157; section 914, Rev. St. (U. S. Comp. St. 1901, p. 684).

Section 437 of the Code of Civil Procedure of California provides that the answer of the defendant shall contain a statement of any new matter constituting a defense or counterclaim, and section 438 of the same Code provides:

"The counter-claim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"(1) A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action;

"(2) In an action arising upon contract, any other cause of action arising also upon contract, and existing at the commencement of the action."

The action of the court in allowing so much of defendant's counterclaim as arose out of the contract, set out in the complaint, as the foundation of plaintiff's claim, was clearly justified by subdivision 1 of the section just quoted. The fact that the promissory note in which the counterclaim was included did not become due until a few days after the commencement of the action does not affect the question. The note was due when the counterclaim was filed, and at the date of the trial, and this is all that was required to entitle the defendant to avail itself of the set-off allowed by the court. Certainly there can be no reasonable objection to adjusting in one action all the claims of the respective parties, which arise out of the contract sued on, and the law contemplates that this may be done. If authority were needed to support this conclusion, it will be found in Smith v. French. 141 N. C. 1, 53 S. E. 435, in which case the Supreme Court of North Carolina, in passing upon a section in all respects like that above quoted from the California Code of Civil Procedure, said:

"It will be noted that the requirement restricting a counterclaim to one that exists at the time the action was commenced is only stated in reference to the second class of counterclaims described in the statute—those wherein an action on a contract, the breach of an entirely different and distinct contract, is set up by defendant."

And the court then added that, when the counterclaim is one that arises out of the transaction set forth in the complaint, "it would seem

to be sufficient if it matures at any time before the answer is filed, and might be available if it matures at any time before the trial."

Judgment affirmed.