See, also, 32 S. D. 95, 142 N. W. 176. ·

---

TUTHILL, Respondent, v. SHERMAN, Appellant.

(142 N. W. 257.)

**1.   Attachment—Excessive Levy—Damages—Pleading.**

A counterclaim alleging that plaintiff, who sued on a note for $3500., therein maliciously attached property of defendant valued at $123,000., states a cause of action against plaintiff for abuse of legal process, notwithstanding plaintiff had a right to attach sufficient property to satisfy his claim in suit.

**2.   Wrongful Attachment—"Counterclaim" in Attachment Suit.**

Where plaintiff, suing on a note, caused levy of an excessive attachment on defendant's property, injuring his business, defendant may plead the excessive levy as a counterclaim, under Subd. 1, Sec. 127, Code Civ. Proc., notwithstanding it did not exist at commencement of the suit.

**3.    Attachment — Counterclaim — Subject of Action — Independent
       Transaction.**

Where plaintiff attached, in an action on a note, and malic-
iously caused an excessive levy, defendant's right of action for
damages therefor cannot be pleaded as a counterclaim under
Subd. 1, Sec. 127, Code Civ. Proc., because not arising out of
the contract or transaction which is the foundation of plaintiff's
claim, and not connected with the subject of the action, nor
under Subd. 2, because, being in tort, it is not based upon
contract.

(Opinion filed June 24, 1913.    Rehearing denied August 28, 1913.)

Appeal from Circuit Court, Minnehaha County.    Hon. JOSEPH
W. JONES, Judge.

Action by S. G. Tuthill against P. F. Sherman, upon a prom-
issory note; defendant counterclaiming for alleged damages for an
excessive levy of an attachment in the suit.    From an order sus-
taining a demurrer to his counterclaim, defendant appeals.    Af-
firmed.

*U. S. G. Cherry,* for Appellant.

The counterclaim states a cause of action.    The making of a
grossly excessive levy under a warrant of attachment, resulting in
great damage to the attachment defendant, in a case where the
whole proceeding is controlled and directed by the plaintiff, and
where it is carried on maliciously and for oppressive purposes,
constitutes a cause of action.    Tamblyn v. Johnston, 126 Fed.
267; Kolka v. Jones, (N. D.) 71 N. W. 559; Brand v. Hinch-
man, 68 Mich. 590, 13 Am. St. Rep. 362; Bitz v. Meyer, 40 N. J.
L. 252, 29 Am. Rep. 233; Pope v. Pollock, 46 Ohio St. 367, 4
L. R. A. 255; Marx v. Straus, 9 South. 818; 35 Cyc. 1659; 4
Cyc. 580, 599.

"The court may determine any controversy between the par-
ties before it."    (C. C. P. 95).    To this end, broad and liberal
provisions relative to counterclaims are made.    (C. C. P. 126).
And the two last mentioned sections of the Code are to be read
and construed in the light of each other.    There is no provision
in our Code of Civil Procedure for a cross-complaint.    McHard
v. Williams, 8 S. D. 381, 66 N. W. 930, 59 Am. St. Rep. 766.

The statute authorizing a counterclaim should be liberally
construed.    22 Am. & Eng. Ency. Law, 396; Tidewater Quarry

Co. v. Scott, 105 Va. 160, 52 S. E. 835; Port Huron Co. v. Iverson, 22 S. D. 314, 133 Am. St. Rep. 920, 117 N. W. 372.

*Boyce, Warren & Fairbank,* for Respondent.

The only remedy of defendant, if he was wronged by the attachment was on the bond. Section 208 of the Code of Civil Procedure; Mitchell v. Silver Lake Lodge,(Ore.) 45 Pac. 798; Franz v. Hanford, (Iowa) 54 N. W. 474; Storz v. Finkelstein, (Neb.) 66 N. W. 1020, 30 L. R. A. 644; World's Fair Mining Co. v. Powers, (Ariz.) 100 Pac. 957, 959.

The answer of defendant does not state facts sufficient to constitute a counterclaim in the following particulars:

1. Said alleged cause of action did not arise out of the transaction set forth in the complaint as the foundation of plaintiff's claim, and is not connected with the subject of the action.

2. The alleged cause of action did not exist at the commencement of plaintiff's action. Section 127 of the Code of Civil Procedure; Bank of Arkansas City v. Hasie, 48 Pac. 22 (Conspiracy); Allen v. Coates, 11 N. W. 132 (Malicious prosecution); Braithwaite v. Akin, (N. D.) 56 N. W. 133 (Conversion); Edgerton v. Page, 20 N. Y. 281 (Trespass); McLane v. Kelly, 75 N. W. 601 (Wrongful use of land); Carver v. Shelly, 17 Kan. 472; Nolle v. Thompson, (Ky.) 3 Metc. 121; Membrock v. Stark, 53 Mo. 588; Youngeman v. Long, (Iowa) 63 N. W. 674; Esbenson v. Hoover, (Col.) 33 Pac. 1008; Veysey v. Barnard, (Wash.) 95 Pac. 1096; Jeffreys v. Hancock, 57 Cal. 646; Satterthwaite v. Ellis, (N. Car.) 39 S. E. 726; Gunness v. Cluff, (Pa.) 4 Atl. 920.

McCOY, J. Plaintiff instituted this action upon a complaint to recover upon a past-due promissory note for $3,500, executed and delivered to plaintiff by defendant, and which note represented the purchase price of certain corporation stock sold and delivered by plaintiff to defendant.

[1] Among the defenses set up by defendant was a counterclaim alleging, in substance, that at or about the time plaintiff commenced this action he caused two warrants of attachment to be issued, based upon affidavits showing the nonresidence of defendant, and under such warrants of attachment plaintiff caused and directed to be levied upon property of defendant of the value of $123,500; that such excessive levies were made by plaintiff for the purpose and with the intent of maliciously harassing, injuring,

and damaging defendant in his business and business reputation, and that by reason of such grossly excessive levies, and the interfering with defendant's busines by means thereof, he was injured and damaged thereby in the sum of $10,000. To this counterclaim plaintiff demurred on the ground that the same does not set forth facts sufficient to constitute a counterclaim, and does not set forth facts sufficient to consitute a cause of action in favor of defendant and against plaintiff. From the order sustaining said demurrer defendant appeals. It is first contended that the facts alleged do not constitute a cause of action against plaintiff. Although there are many unnecessary allegations contained in said counterclaim, still we are of the opinion there is a good cause of action stated for the abuse of legal process in the grossly excessive amount of such levies, notwithstanding plaintiff had the right to have issued said warrants of attachment, and to levy upon sufficient property to satisfy the claim sued upon and costs. Tamblyn v. Johnson, 62 C. C. A. 605, 126 Fed. 267; Kolka v. Jones, 6 N. D. 461, 71 N. W. 559, 66 Am. St. Rep. 615; Brand v. Hinchman, 68 Mich. 590, 36 N. W. 664, 13 Am. St. Rep. 362; Antcliff v. June, 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533; Rossiter v. Minnesota Paper Co., 37 Minn. 296, 33 N. W. 855; Zinn v. Rice, 154 Mass. 1, 27 N. E. 772, 12 L. R. A. 288; 35 Cyc. 1659; Sneedin v. Harris, 109 N. C. 349, 13 S. E. 920, 14 L. R. A. 389.

[2] It is also contended that said cause of action alleged in said counterclaim could not be properly pleaded as a counterclaim because not in existence at the time of the commencement of plaintiff's action. We are of the opinion this contention is untenable. It will be observed that under subdivision 1, § 127, Code Civ. Pr., it is not a requisite of the counterclaims embraced within this subdivision, that is, counterclaims arising out of the contract or transaction set forth in plaintiff's complaint, or connected with the subject of the action, that they be in existence and owned by defendant at the time of the commencement of plaintiff's action. The provision as to the counterclaim being in existence and owned by defendant applies only to counterclaims based on contracts embraced within the second subdivision of said section 127. It seems to be generally held that counterclaims embraced within the first subdivision may be pleaded if in existence at the time of be-

ing pleaded, although not due or in existence at the time plaintiff began suit. California Canning Co. v. Pac. Metal Works, 91 C. C. A. 106, 164 Fed. 978; Smith v. French, 141 N. C. 1, 53 S. E. 435; Hyman v. Jockey Club, 9 Colo. App. 299, 48 Pac. 671; Brown v. Wieland, 116 Iowa, 711, 89 N. W. 17, 61 L. R. A. 417; note 17, Ann. Cas. 431; Howard v. Johnston, 82 N. Y. 271.

[3] It is also contended by respondent that the cause of action alleged in said counterclaim, being in tort, is not within the first subdivision of section 127, because it does not arise out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, and that the same is not connected with the subject of plaintiff's action, and that it cannot be maintained under the second subdivision because only counterclaims based on contract or ex contractu are included in that subdivision. We are of the opinion that respondent's contention in this particular is well grounded, and that the demurrer was properly sustained. There seems to be some diversity of opinion on this proposition, but mostly occasioned by the wording of the different statutes of diffent jurisdictions. It seems to be generally held in jurisdictions where the statute in relation to counterclaims is the same as ours that causes of action precisely like the one herein involved are not pleadable as counterclaims, on the ground that they do not arise out of the contract or transaction set forth by plaintiff as the foundation of his suit, and are not connected with the subject of the action—that the cause of action alleged in such counterclaims stands on the same footing as any other tort or wrong committed by plaintiff not connected with the subject of the action. Esbensen v. Hover, 3 Colo. App. 467, 33 Pac. 1008; Jones v. Swank, 54 Minn. 259, 55 N. W. 1126; Jeffreys v. Hancock, 57 Cal. 646; Tacoma Mill Co. v. Perry, 32 Wash. 650, 73 Pac. 801; Veysey v. Bernard, 49 Wash. 571, 95 Pac. 1096; Sutherland, Code Pl. §§ 630-638; Bliss, Code Pl. 370-375. In the case of Waugenheim v. Graham, 39 Cal. 169, cited by appellant, the plaintiff's cause of action was founded on a contract entered into with defendant whereby defendant was to deliver certain lumber by certain times, and the allegation of the counterclaim in that case was that plaintiff by means of wrongful attachment levy had prevented defendant from delivery of the lumber according to the terms of the contract sued upon by plaintiff, thus directly connecting the counterclaim,

for wrongful attachment, with the contract and subject of the action. It is expressly held in that case that, when such counterclaim is not so connected with the contract and subject of the action, it would be improper and not pleadable. Waugenheim v. Graham is not in conflict with the later California case of Jeffreys v. Hancock, supra. In the case of Northwest Port Huron Co. v. Iverson, 22 S. D. 314, 117 N. W. 372, 133 Am. St. Rep. 920, and in Advance Thresher Co. v. Klein, 28 S. D. 177, 133 N. W. 51, the counterclaims were held to be permissible on the ground that they were connected with the transaction and subject-matter of plaintiff's cause of action. In this state causes of action sounding in tort, and not connected with the subject of plaintiff's cause of action, are not pleadable as counterclaims at all; in some states they are, and this accounts for much of the apparent conflict of authority on this question.

Finding no error in the record, the order appealed from is affirmed.