WILLIAM HOLLINRAKE, APPELLANT, V. JOHN F. NEELAND
ET AL., APPELLEES.

FILED OCTOBER 31, 1913.   No. 17,437.

Injunction: REMEDIES AT LAW: POSSESSION OF REAL ESTATE. A liti-
gant cannot successfully invoke the extraordinary remedy of
injunction, the effect of which would be to obtain possession of
real estate, unless the facts and circumstances in the case are such
that his ordinary legal remedies are inadequate.

APPEAL from the district court for Dawes county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher* and *William P. Rooney,* for appellant.

*Edwin D. Crites, contra.*

BARNES, J.

This action was commenced in the district court for
Dawes county to obtain an injunction restraining defend-
ants from trespassing upon a certain tract of real estate
situated in that county. A temporary injunction was al-
lowed, but upon the final trial of the cause the injunction
was dissolved and the plaintiff's action was dismissed.
Exceptions were taken, and plaintiff has appealed.

Among other errors complained of, it is contended that
the court erred in permitting defendants to answer while
in contempt for a violation of the temporary order of in-
junction. It is a sufficient answer to this assignment to
say that there seems to be no adjudication in the record
that defendants were guilty of a violation of the injunc-
tion. Again, it was in the discretion of the district court
to allow defendants to file an answer to plaintiff's peti-
tion, and it is not claimed that the court abused its dis-
cretion.

The other assignments of error may be disposed of
under the general contention that the court erred in giv-
ing the judgment against the plaintiff.

It appears from the record that plaintiff, in April, 1901, leased the half section of land on which the alleged trespass was committed from the state, the same being known as school land; that the rest of the school section was leased from the state by defendant John F. Neeland (the other defendants having disclaimed any interest or liability to the plaintiff in this action); that the land upon which the alleged trespass was committed was uninclosed prairie land, without trees or cultivation of any kind, and was wholly in a state of nature; that it was entirely surrounded by the land owned or leased by defendant; and it also appears that it was leased of the plaintiff by the defendant about the year 1901, who took possession of it, and who appears to have held over under his lease up to the time of the commencement of this action; that defendant has paid the rent reserved by plaintiff in full up to the month of June, 1910, either voluntarily or by the payment of a judgment recovered by plaintiff in the justice court of said county. Plaintiff claimed that he had terminated defendant's lease prior to the commencement of this action by serving him with a notice to quit; but the record contains no competent evidence tending to establish that fact. It is not claimed that plaintiff was in actual possession of the land, but it is insisted that he was entitled to such possession. It clearly appears that the land in question was surrounded by a large body of other land owned or leased by the defendant, which is inclosed by fences and was used as a pasture for defendant's cattle; that defendant has never driven nor herded his cattle upon the plaintiff's land; but it seems clear that defendant's stock has, at will, run thereon. Upon this evidence the district court held that plaintiff was not entitled to invoke the aid of a court of equity to restrain the alleged trespass.

The land in question was actually in the possession of the defendant. It was within the inclosure used by him as a pasture for his cattle. Plaintiff had leased it to the defendant for a year, and plaintiff says that defendant held

it from year to year thereafter. Plaintiff had received the rents and profits therefor up to June, 1910, and this suit was commenced in July of that year. Even if defendant's possession of the land was wrongful, the plaintiff was not entitled to an injunction, the effect of which would be to remove him therefrom, in the absence of a showing that the ordinary remedies at law, such as ejectment, or forcible detainer, would be unavailing. There seems to be no reason why one or the other of those remedies could not have been employed in the case at bar.

For the foregoing reasons, it is apparent that the judgment of the district court was right, and it is therefore

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.