ANDREW J. REED, APPELLEE, v. FRANCIS WELLMAN, APPELLANT.

FILED MARCH 13, 1920.   No. 20758.

**Injunction:** REMEDY AT LAW. "A litigant cannot successfully invoke the extraordinary remedy of injunction, the effect of which would be to obtain possession of real estate, unless the facts and circumstances in the case are such that his ordinary legal remedies are inadequate." *Hollinrake v. Neeland*, 94 Neb. 530.

APPEAL from the district court for Hitchcock county: ERNEST B. PERRY, JUDGE. *Reversed and dismissed.*

*Lambe & Butler* and *J. L. Rice*, for appellant.

*J. F. Ratcliff, C. E. Eldred* and *J. F. Cordeal*, contra.

DEAN, J.

Plaintiff and defendant own adjoining farms that are divided by the east and west half-section line. A dis-

pute having arisen as to the true location of the division line, plaintiff began this action to enjoin defendant from interfering with his alleged possession of a strip of ground that each party, as a part of his legal subdivision, claims to own. This strip is from a half to three-quarters of a mile long and is about 20 rods wide at the west end, gradually narrowing to a width of 10 or 12 rods at the east end. Plaintiff recovered judgment, and defendant appealed.

Plaintiff contends that the north line of the strip is the true dividing line and defendant contends for the south line. There is a dispute between the parties respecting possession and ownership. Sometime between the early part of 1905 and the winter of 1908 a two-strand wire fence was built by defendant on the south line of the strip, which has been maintained by him from thence continuously and without interruption as a pasture fence. From the time the fence was erected defendant has always been in the exclusive possession of the strip.

In July or August, 1917, plaintiff entered defendant's inclosure, without his knowledge, and pursuant to a survey then recently obtained by him, set posts about two rods apart and five feet south of the north line of the strip, and along its entire length, to which he attached a single strand of wire with a gate opening. Plaintiff contends that this so-called fence is within five feet of the true boundary line and that its erection entitles him to possession. He makes no claim to any act looking toward possession before the erection of the single-strand wire fence.

Soon after discovering plaintiff's structure within his inclosure, defendant took it down and threw it over his own fence on the land of plaintiff, who subsequently took it home as he testified. About two days afterward plaintiff, with the assistance of his boys, the sheriff being present, but not in his official capacity, removed the two strands of wire from the posts of defendant's fence for the entire distance, except about 30 rods, and while so

engaged defendant and two others put in an appearance, and plaintiff and his party went away. Before parting a few belligerent expressions were exchanged, but no violence was done by either party to the other. This action followed.

The court found that each party was claiming the right of possession when the action was begun. To plaintiff was "awarded an injunction restraining defendant from trespassing upon said tract of land until it is determined by the court in an appropriate proceeding that defendant has the right of possession to said tract."

We have examined the case *de novo* and conclude that the evidence does not support the judgment. We think the court erred in granting plaintiff the relief for which he prayed. Prior to plaintiff's entry, defendant seems to have been in the quiet, peaceable and undisturbed possession of the strip for many years, but whether under claim of ownership we do not decide. Plaintiff seems to have invoked the extraordinary writ of injunction for the sole purpose of obtaining possession when at the time he had a plain and adequate remedy at law. *Mohat v. Hutt*, 75 Neb. 732; *Hollinrake v. Neeland*, 94 Neb. 530. His claim of possession is not sustained by the record.

We conclude that defendant was in possession when this suit was begun, but this opinion is not to be construed as deciding any question involving title. The right to bring an appropriate action, as pointed out by the learned trial court, to determine the question of title remains open. The judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.

LETTON and DAY, JJ., not sitting.