STRAND, Appellant, v. BOLL, Respondent.

(183 N. W. 284.)

(File No. 4824.   Opinion filed June 2, 1921.   Rehearing denied July 16, 1921.)

1.   **Estates in Realty—Life Estate, Rental of Realty, Suit on Notes to Cover, Death of Life Tenant, Subtenant's Right to Emblements as Against Remaindermen.**

Where the owner of a life estate in realty rented same for one year, lessee issuing notes to cover rental, and having gone into possession in the spring a few months later, planting thereon agricultural crops, the life tenant having died in July following after having assigned the notes to plaintiff before due; **held,** that the under-tenant of owner of life estate has the same substantive rights relative to such crops as the life tenant herself possessed; that had she planted and sown the crops her personal representatives would have been entitled to harvest and receive proceeds thereof and retain possession of said lands for purpose of maturing, cultivating, growing, harvesting and securing the crops sown during her lifetime; and such under-tenant was likewise entitled to all of such rights.

**2.  Estates in Realty—Tenant's Right to Annual Crops as Emblements, Planted Before Termination of Estates—Policy of Rule Stated.**

It is a general rule that if one's estate in land is ended at a time which he could not have previously ascertained without his fault, and without action on his part to bring about such result, he is entitled to take the annual crops planted by him before termination of the estate which right is ordinarily known as right or doctrine of "emblements," the right being based upon justice of assuring to life tenant compensation for labor, and upon desirability of encouraging husbandry as matter of public policy; and one holding under lease from a life tenant is entitled to benefit of the rule.

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

Action by Theodore Strand, against William Boll, to recover upon promissory notes assigned to plaintiff before maturity. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and remanded with directions.

*Mundt & Mundt,* for Appellant.

*Waggoner & Stordahl,* for Respondents.

(1)  To point one of the opinion, Appellant cited: Hines v. McCombs, 2 Ga. App. 675, 58 S. E. 1124; Mitchell v. Ruthford, 9 Ga. App. 722, 72 S. E. 302.

Respondent cited: Hoagland v. Crum (Ill.,) 55 Am. Rep. 424; Watson v. Penn, (Ind.) 58 Am. Dec. 26; Perry v. Aldrich (N. H.) 38 Am. Dec. 493.

(2)  To point two, Appellant cited: Keays v. Blinn, 234 Ill. 121, 84 N. E. 628; Note to Batterman v. Albright, 11 L. R. A. 800; 8 R. C. L. 365; 16 L. R. A. 601; Bradley v. Bailey

(Conn.) 1 L. R. A. 427; Samson v. Rose, 65 N. Y. 411; Bageley v. Columbus Co. Ry. Co. 98 Ga. 626, 34 L. R. A. 286.

Respondent cited: Watson v. Penn (Ind.) 58 Am. Dec. 26.

McCOY, J. This action was instituted to recover upon two promissory notes executed and delivered by the defendant, William Boll, to one Margaretha Boll, and thereafter before the maturity thereof by her sold and assigned to plaintiff. The cause was tried before the court without a jury. From findings and judgment in favor of defendant, the plaintiff appeals.

The assignments of error raise the questions of the sufficiency of the evidence to sustain the findings, and the sufficiency of the findings to sustain the judgment. One of the contentions of the appellant is that the court drew an erroneous conclusion from the facts found. There is no dispute concerning the vital material facts of this case. The following state of facts, which, among other things, appear in the findings, is conceded by both parties: That one Martin Boll died testate, and under his will left a life estate in his real and personal property to his wife, Margaretha Boll; that thereafter, on the 10th day of November, 1917, Margaretha Boll, as the owner of such life estate, by a written lease rented certain of the agricultural lands of said estate to her son, the respondent, for the period of one year, beginning March 1, 1918, and ending March 1, 1919, for the cash rental of $500, evidenced by two promissory notes, viz. one for $250, due October 1, 1918, and one other for $250, due February 1, 1919, each of said notes bearing interest from date until paid, and each of said notes containing the recital, "Cash rent note to accompany lease of even date herewith;" that respondent under said lease went into possession of said land, and in the springtime of 1918 planted agricultural crops such as corn, wheat, and other grains; that on the 3d day of July, 1918, said Margaretha Boll, for full value, sold and assigned the said notes and lease to the appellant; and that on the 8th day of July, 1918, the said Margaretha Boll died.

[1, 2] It is the contention of respondent that upon the death of the life tenant, under the facts of this case, the remaindermen became entitled to the rents of said land, as evidenced by said notes, and that the respondent, as the under tenant of the life tenant, upon her death ceased to have any right, title, or interest in and to any part of said rents as represented by said notes. The

sole question involved is one purely of law, to be determined from the said conceded facts. We are of the opinion that respondent, as the under tenant of the owner of the life estate, has the same substantive rights, in relation to said crops that the said life tenant herself possessed. If said Margaretha Boll herself had occupied said premises and had planted and sown said crops, the same as did the respondent, after her death her personal representatives would have been entitled to harvest and receive the proceeds of said crops, and would have been entitled to retain possession of said lands for the purposes of maturing, cultivating, growing, harvesting, and securing the said crops so sown and planted during the lifetime of said life tenant. The respondent, as such under tenant, notwithstanding the death of his landlord, the life tenant, was entitled to the whole of said crops and the proceeds thereof, grown on said land under said lease, and was entitled to possession of, and to go upon, said premises, and occupy the same under the said lease for the purpose of cultivating, harvesting, and securing said crops as emblements. It is a general rule that if one's estate in land comes to an end at a time which he could not have previously ascertained, without his fault, and without any action on his part to bring about such result, he is entitled to take the annual crops planted by him before the termination of such estate. This right is ordinarily referred to as the right or doctrine of "emblements," and is based upon the justice of assuring to the life tenant compensation for his labor, and also upon the desirability of encouraging husbandry as a matter of public policy. One holding under a lease from a life tenant is entitled to the benefit of the rule. Tiffany, Landlord and Tenant, § 251, p. 1635; 21 C. J. 945; Noble v. Taylor, 61 Ohio St. 432, 56 N. E. 191, 48 L. R. A. 735; Blaeholder v. Guthrie, 17 Cal. App. 297, 119 Pac. 524. The respondent therefore was entitled to and did receive the substantial consideration for which said notes in question were given. There has been no failure of consideration.

The judgment and order appealed from are reversed, and the cause remanded, with directions that judgment be entered on the findings in favor of appellant for the amount of principal and interest due on said notes.