NELLIE MAY SCHLEE VANCE, EXECUTRIX, APPELLANT, v.
J. E. SUMNER, APPELLEE.

FILED APRIL 18, 1930. No. 26881.

F. C. Radke, Magdelene Craft Radke and Orville C. Wisdom, for appellant.

Roland V. Rodman and John H. Kuns, contra.

HEARD before GOSS, C. J., DEAN, GOOD and EBERLY, JJ., and RHOADES, SPEAR and TEWELL, District Judges.

RHOADES, District Judge.

This is a suit in equity seeking injunctive relief against the defendant, who was the tenant of the plaintiff, to enjoin the tenant's interference with plaintiff and her agents entering upon the leased premises for the purpose of planting wheat prior to the termination of the defendant's lease. The parties entered into a written lease in 1922, which terminated March 1, 1925, the tenant holding over under a leasing from year to year until March 1, 1929, where, by reason of a written and timely notice, the lease was terminated. Said lease provided: "It is further agreed that the party of the first part (plaintiff) and her agents may

go upon said premises at any time * * * to plow for future crops and to sow small grain in corn and stubble ground in the fall before the expiration of the lease." Plaintiff, in August 1928, leased the premises to one E. J. Kiddle, for the year 1929, authorizing him to enter onto and plant fall wheat in the available ground, pursuant to the above referred to clause in the lease. It appears that some time in September, 1928, the exact date becoming immaterial, plaintiff, by her new tenant, attempted to go upon the premises for the purpose of planting fall wheat thereon, and defendant refused and prevented entry upon the land.

This suit in equity was instituted seeking injunctive relief, and on September 14, 1928, the county court of Kimball county issued a temporary restraining order against the defendant enjoining interference with plaintiff and her agents, and on September 17, 1928, the district court granted a temporary injunction. On final hearing the court entered its decree finding that the plaintiff is entitled to possession by reason of the fact that the defendant violated the conditions of the lease by refusing to allow plaintiff to sow stubble ground to crop in the fall of 1928, and that plaintiff has a right to declare said lease forfeited, and that due notice had been given to terminate the lease as of March 1, 1929. The trial court found that there was no proof of insolvency of the defendant, and that plaintiff had an adequate remedy at law and cannot maintain a suit in equity for an injunction. Whereupon plaintiff's action was dismissed.

It is elementary that a suit in equity will not lie when the plaintiff has a plain, adequate and speedy remedy at law. *Hahn System v. Stroud,* 109 Neb. 181; *Western Union Telegraph Co. v. Douglas County,* 76 Neb. 666; *Brown v. Reed,* 72 Neb. 167.

In *Mohat v. Hutt,* 75 Neb. 732, where plaintiff sought by injunction to restrain defendant from interfering with his possession of land, this court held that the equitable relief by injunction cannot be substituted for ejectment or for-

cible entry and detainer. It is said in the opinion: "It is clear to us that this suit is simply an attempt to employ the extraordinary writ of injunction to enforce what, at most, is a mere legal right, and one which the ordinary remedies at law are amply adequate to protect. In other words, it is an attempt to substitute the remedy by injunction for ejectment, and forcible entry and detainer, and the prayer for an injunction for that purpose should have been denied. *Warlier v. Williams*, 53 Neb. 143; *Wehmer v. Fokenga*, 57 Neb. 510. See, also, *State v. Graves*, 66 Neb. 17."

In *Warlier v. Williams*, 53 Neb. 143, plaintiff sought to regain possession of real estate by the extraordinary remedy of injunction. This court there held that plaintiff might have instituted against the defendants an action of forcible entry and detainer under the statute. The question was there presented whether or not the statutory remedy was an adequate one, and it was said: "This remedy is not only an adequate one but it is a summary and a speedy one. * * * A judgment and a writ of restitution in a forcible entry and detainer suit would afford him the same and a more speedy redress than a proceeding by injunction." This case likewise disposes of the argument presented in reference to the insolvency of the defendants, which was pleaded, but not proved. It is said in the opinion: "If the defendants in error are insolvent, then the plaintiff in error has no redress for the costs and expenses that he may incur in prosecuting either an injunction suit or a forcible entry and detainer suit."

The case of *State Bank of Nebraska v. Rohren*, 55 Neb. 223, relied upon by the appellant, is distinguishable from the case at bar, as it was said in that case that the landlord cannot cancel the lease and retake possession of the leased premises by forcible entry and detainer because of the lessee's refusal to permit appellee to enter upon the land and fall plow it, "as the lease makes no provision for its forfeiture on that ground." In the case at bar the lease provides: "It is further expressly agreed that * * * if the second party * * * violate any of the conditions of this

contract, then this lease shall thereby terminate." Defendant's refusal to allow the plaintiff and her agents to enter upon the land violated the provisions of the lease, and thereby terminated the lease; whereupon the plaintiff had a right to institute an action in forcible entry and detainer which provides a plain, adequate and speedy remedy at law.

In *Carlson v. Koerner*, 226 Ill. 15, a case similar to the facts presented in case at bar, the lease provided that, if appellant failed to keep the covenants therein contained, the appellee should have the right to declare the lease null and void and retake possession. The court in the opinion said: "If appellant refused to allow appellee to enter for the purpose of doing what the lease expressly provides she might do, appellant violates the terms of the lease, and appellee had her election to bring an action of forcible entry and detainer and thereby secure possession of the premises."

Other assignments of error which have been presented need not be considered, as, the plaintiff having an adequate remedy at law for the relief sought to be had by the extraordinary remedy of injunction, equitable relief must be denied and the judgment of the trial court affirmed.

Pursuant to stipulation of the parties hereto, each party shall pay his own costs.

AFFIRMED.