WALLACE VANCE, APPELLEE, V. HAROLD HENDERSON, APPELLANT.

4 N. W. (2d) 833

FILED JULY 10, 1942. No. 31427.

*Clifford H. Phillips,* for appellant.

*Ralph E. Adams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ., and ELLIS, District Judge.

ELLIS, District Judge.

This action was brought September 12, 1941, by the plaintiff to enjoin the defendant from planting winter wheat on 55 acres of a quarter-section of land in Webster county. The trial court granted the injunction and the defendant has appealed.

Plaintiff alleged that the quarter-section was leased to defendant from March 1, 1941, to March 1, 1942; that during July, 1941, plaintiff notified defendant he was not to "farm, hold or possess said land beyond the period of his lease;" that on September 3, 1941, plaintiff notified defendant he was not to sow any wheat or other fall crop, and that notwithstanding said notices defendant was sowing wheat.

Plaintiff's evidence was very brief. He testified the land was rented to defendant from March 1, 1941, to March 1, 1942; that lease arose out of letters; that defendant did not follow his instructions as to use of the land; and his oral notice to defendant in July, 1941, that he wanted possession on March 1, 1942. Another witness testified that defendant had started to sow wheat. Another witness testified to service of written notice on defendant on September 3, 1941. This was a notice to quit on March 1, 1942, and also not to sow wheat or other fall crop.

To this evidence defendant interposed a demurrer which was overruled. It seems clear that this proof was insufficient to justify injunctive relief and that the demurrer should have been sustained.

The defendant's evidence disclosed a letter, dated December 17, 1940, in which plaintiff said: "I want about (figure either 1/4 or 1/3) of land summer fallowed and small patches farmed to keep weeds down. All rented for 1/3 of crop delivered * * * ."

Under date of December 26, 1940, defendant wrote: "Your letter of the 17th at hand and in regards to the land your terms are O.K. with me."

Under date of January 19, 1941, plaintiff wrote: "You can go ahead and farm the place this year, putting in all that is allowed, and summer fallow the rest." He also made some suggestions as to crops to be planted and asked defendant to write him once in a while as to how things looked.

Defendant's evidence discloses two additional letters from plaintiff under dates of April 10 and May 2, 1941. They can hardly be said to have formed any part of the lease and furthermore do not lend any support to plaintiff's claim for injunctive relief.

The defendant also testified as follows: "Q. Was there anything said about who was going to put in the wheat? A. He said to summer fallow this ground and that we would put in the wheat this fall, meaning him and I."

The defendant testified to summer fallowing 42 acres of the land, the operations incident thereto and the reasonable value of the same; that he started to drill wheat on this land and was stopped by the temporary restraining order. He also testified to expenses incurred incident to his defense of the action and effort to have the injunction dissolved.

On the record the defendant challenges the correctness of the trial court's judgment as unsupported by the evidence and contrary to law.

In view of the allegations of plaintiff's petition and testimony, as well as from the notice which he served, it seems clear that defendant's lease ran until March 1, 1942. The defendant was in actual and peaceable possession of the land. In the absence of reservations or restrictions, a tenant is entitled to the exclusive possession and use of the demised premises and may even maintain trespass against his landlord. There is nothing in this record to create a bar to the defendant planting wheat on the premises if he saw fit to do so. If, as plaintiff contends, the defendant's lease expired on March 1, 1942, and he had not used or otherwise disposed of the wheat, he ran the risk of losing his labor and

seed. This gave the plaintiff no right to accelerate the expiration of the lease and certainly no right to injunctive relief. There is no evidence of circumstances or anything that the defendant had done or was threatening to do that could constitute irreparable injury to the land or the plaintiff.

The plaintiff seeks to justify the injunction on the ground that the plaintiff did not have grounds for either an action for ejectment or forcible entry and detention or forcible detention and therefore that the remedy of injunction was made available. This is a *non sequitur*.

It seems to us quite clear that the plaintiff did not have grounds for the remedies stated, and further that he had no grounds for interfering with defendant's possession by way of injunction. What the plaintiff sought was to deprive the defendant of possession of a part of the land. This necessarily involved assertion of a right in plaintiff to such possession. The extraordinary remedy of injunction is not ordinarily available to try questions of the right to possession of real estate and certainly not in the situation before us.

Our view of the case is expressed in the language of this court in *Mohat v. Hutt*, 75 Neb. 732, 106 N. W. 659: "It is clear to us that this suit is simply an attempt to employ the extraordinary writ of injunction to enforce what, at most, is a mere legal right, and one which the ordinary remedies at law are amply adequate to protect. In other words, it is an attempt to substitute the remedy by injunction for ejectment, and forcible entry and detainer, and the prayer for an injunction for that purpose should have been denied."

The plaintiff argues that if denied injunctive relief he would have been required to retain a tenant whom he did not want and a tenancy from year to year would have been created and thus he would have sustained irreparable injury. The plaintiff cites no authority to sustain this contention.

We need not agree or disagree with this contention as to the nature of the tenancy. Remedies do not create rights, neither do they make or alter contracts. The remedy of injunction could not alter the character of the tenancy and

other remedies afforded adequate means for determining and enforcing the rights of the parties whatever they were.

The judgment in favor of plaintiff must be reversed and plaintiff's action dismissed. The cause is remanded for such action by the trial court and disposition of defendant's claim herein for damages according to law.

REVERSED.